IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAULIN THOMAS SPINKS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTIONS TO AMEND JUDGMENT AND COMMITMENT ORDER REGARDS RESTITUTION<br><br>Case No. 2:12-CR-385 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motions to Amend Judgment and Commitment Order Regards Restitution. For the reasons discussed below, the Court will deny Defendant's Motions.

## I. BACKGROUND

Defendant pleaded guilty to bank fraud and aggravated identity theft. As part of his plea agreement, Defendant agreed to pay restitution. Defendant was sentenced on February 4, 2013. As part of his sentence, Defendant was ordered to pay restitution in the amount of $51,484.00 Defendant now seeks to amend the restitution order. Defendant requests the ability to pay just $25,000.00 towards his restitution, less than half the ordered amount. Defendant also requests that the remaining period of his supervised release be terminated.

## II. DISCUSSION

"Congress through its enactment of the [Mandatory Victim Restitution Act] set up a specific and detailed scheme addressing the issuance and modification of restitution orders

1

arising out of criminal prosecutions."[1] 18 U.S.C. § 3664(o) "provides the means by which an order of restitution may be altered."[2] That section provides:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
> (1) such sentence can subsequently be—
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> (B) appealed and modified under section 3742;
> (C) amended under subsection (d)(5); or
> (D) adjusted under section 3664(k); 3572, or 3613A; or
> (2) the defendant may be resentenced under section 3565 or 3614.

Reviewing these provisions, the Tenth Circuit has explained,

> Section 3742 addresses sentencing appeals. Section 3664(d)(5) addresses losses unascertainable at the time of sentencing. Section 36644(k) addresses the manner in which restitution shall be paid. Section 3572 addresses the imposition of a fine in relation to restitution. Section 3613A addresses the effect of a default in restitution payments. Section 3565 addresses revocation of probation. And § 3614 addresses resentencing upon a failure to pay restitution. This leaves only Fed. R. Crim. P. 35, which permits a district court to correct a sentence that resulted from arithmetical, technical, or other clear error. . . . But Rule 35(a) requires a court to correct a sentence [w]ithin 14 days after sentencing.[3]

Defendant's Motions fail to cite to any of these provisions and the Court concludes that none apply. The only potentially applicable provision would be § 3664(k). That provision allows the Court to adjust a restitution order when there has been a material change in the defendant's economic circumstance. Here, Defendant has failed to show any such change in circumstance. Even if he had, that provision only allows the Court to adjust the payment schedule, not wipe out over half of the previously ordered amount.[4] Therefore, Defendant has

---

[1] *United States v. Wyss*, 744 F.3d 1214, 1217 (10th Cir. 2014).

[2] *Id.*

[3] *Id.* at 1218 (internal quotation marks omitted).

[4] *See Williams v. United States*, 120 F. App'x 284, 285 (10th Cir. 2005).

2

failed to point the Court to any authority that would permit the requested relief. Without such authority, his Motion must be denied.

Defendant also requests that he "be able to go forward without having to be on supervised probation."[5] 18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider certain of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Defendant has failed to demonstrate that early termination of his supervised release is either warranted by his conduct or is in the interest of justice. Importantly, one of the factors the Court must consider is the need to provide restitution to the victims of the offense.[6] As stated, Defendant was ordered to pay a significant amount of restitution. Continued supervision will ensure that he complies with this requirement.

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motions to Amend Judgment and Commitment Order Regards Restitution (Docket Nos. 26 and 27) are DENIED.

---

[5] Docket No. 26, at 1.
[6] 18 U.S.C. § 3553(a)(7).

DATED this 10th day of June, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge